**IN THE COURT OF APPEALS OF IOWA**

No. 17-0322
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL J. MCDONALD,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.


        Michael McDonald appeals his conviction for fourth-degree theft asserting ineffective assistance of counsel. **AFFIRMED.**


        Samuel A. Wooden of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2006, the State charged Michael McDonald with fourth-degree theft in connection with the taking of three winter coats from a store in Dubuque, Iowa. Ten years later, McDonald pled guilty to the offense and the district court imposed sentence. McDonald filed a pro se motion to correct an illegal sentence, which the district court treated as a notice of appeal. He asserted his attorney was ineffective "in not challenging [the trial information] under [the] statute of limitations" and he claimed his sentence was illegal. The motion was not filed within thirty days of the sentencing order as required by our appellate rules, but the Iowa Supreme Court granted McDonald a delayed appeal.

McDonald does not raise his statute of limitations challenge on appeal. Accordingly, that argument is waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996).[1]

McDonald also does not explicitly challenge the legality of his sentence on appeal. In any event, the challenge would not succeed because the sentence was authorized by statute. *See* Iowa Code § 903.1(1)(b).

McDonald argues his trial attorney "failed to properly investigate his ability to understand his guilty plea and the ramifications of accepting such a plea." The record is inadequate to address this ineffective-assistance-of-counsel claim. We preserve the claim for postconviction relief. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

**AFFIRMED.**

---

[1]Although the plea was not entered until 2016, the trial information was filed within three years of the commission of the offense. *See* Iowa Code §§ 714.2(4), 802.3 (2016).